# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TARRELL MOSLEY,

    Plaintiff,

vs.

BRADFORD P. SMITH,

    Defendant.

Case No. 2:13-cv-01284-GMN-GWF

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. See 28 U.S.C. § 1915(b)(2).

    The court has reviewed the complaint. The court will dismiss plaintiff's claim for injunctive relief. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that he was on probation and checked in with the probation office. There, defendant Smith told plaintiff to provide a urine sample for a drug test. When plaintiff did not comply, defendant Smith handcuffed plaintiff, breaking his arm in the process. Plaintiff's allegations of excessive force are plausible.

Along with a request for monetary damages, plaintiff requests the court to order him released from prison and restored to his probation. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court cannot give plaintiff the injunctive relief that he seeks in this action, and the court will dismiss that request.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #1063888), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall

also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the complaint, issue summons to the named defendants, and deliver same to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that plaintiff's claim for injunctive relief is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that from now onward, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

**DATED** this 19th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge

-3-