**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TARRELL MOSLEY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-01284-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| BRADFORD P. SMITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendant Bradford P. Smith ("Defendant"). Plaintiff Tarrell Mosley ("Plaintiff"), who is representing himself pro se, has failed to file a Response to the Motion to Dismiss. For the reasons discussed below, the Motion to Dismiss will be **GRANTED**, and Plaintiff's Complaint (ECF No. 3) will be dismissed.

**I.    BACKGROUND**

This lawsuit was initiated on July 19, 2013. According to Plaintiff's Complaint, Plaintiff was allegedly subjected to excessive force in violation of his constitutional rights by Defendant who was his probation officer. (Compl., ECF No. 3).

On June 5, 2014, Defendant filed the pending Motion to Dismiss, and the Court Clerk issued a Minute Order (ECF No. 16) advising Plaintiff that his opposition to this motion was due fourteen days after service of the motion. The Court's Minute Order, however, was returned as undeliverable. (Mail Return, ECF No. 17).[1] A subsequent Scheduling Order (ECF No. 20) entered by the Court on July 8, 2014, was likewise returned as undeliverable. (Mail

---

[1] Local Special Rule 2-2 states that a "Plaintiff shall immediately file with the Court written notification of any change of address" and that "[f]ailure to comply with this Rule may result in dismissal of the action with prejudice." D. Nev. LSR 2-2.

Return, ECF No. 21).  Additionally, on October 17, 2014, Defendant filed an Interim Status Report (ECF No. 22) indicating that he had been unsuccessful in contacting Plaintiff.

On December 29, 2014, however, Plaintiff filed a Notice of Change of Address (ECF No. 23) with the Court, providing his current address.  On this date, the Court Clerk provided Plaintiff with a copy of both the Scheduling Order and the Minute Order advising him that he had fourteen days from the service of the Motion to Dismiss to file any opposition.

Pursuant to Local Rule 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response.  Therefore, even setting aside Plaintiff's failure to immediately provide his change of address and assuming Plaintiff did not receive service of the motion until he received the orders from the Court on December 29, 2014, Plaintiff still only had until January 12, 2015 to file a Response.  Plaintiff has failed to meet this deadline, and has still failed to file any Response at all.

## II.     DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. LR 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendant's motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff failed to notify the Court of a change in his address for at least six months during the pendency of this suit and appears to have failed to take any action whatsoever to advance the suit during that time.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiff's pro se status, the Court will dismiss Plaintiff's Complaint without prejudice.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**.  Plaintiff's Complaint (ECF No. 3) is **DISMISSED without prejudice**.  The Clerk of the Court shall enter judgment accordingly.

**DATED** this 21st day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge